**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

PRIMITIVO NICOLAS-JIMENEZ,

                                    Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay
Mesa Detention Center, et. al.

                                    Respondents.

Case No.:  26-cv-3720-BJC-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On June 25, 2026, Petitioner Primitivo Nicolas-Jimenez, a citizen of Mexico, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner asserts his detention, fifteen years after his removal proceedings were administratively closed and he was permitted to remain at liberty in the United States, violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act.  *Id*. Respondents filed a return on July 6, 2026, in which they disagree with Petitioner's contention that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest the Court of jurisdiction.  ECF No. 5.  They also, however, do "not oppose the petition and defer[] to the Court on the appropriate relief."  ECF No. 5 at 4.  Petitioner filed a traverse on July 7, 2026, contending immediate release is appropriate.

1

26-cv-3720-BJC-VET

As an initial matter, the Court finds neither §§ 1252(b)(9) nor § 1252(g) divest the Court of jurisdiction. Petitioner's claims, which challenges his detention without notice or an individualized determination, are merely collateral to, but doe not arise from the decision to commence and adjudicate proceedings. *See Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"). Nor do the claims challenge the decision to detain or remove Petitioner. *See Nielsen v. Preap*, 586 U.S. 392, 402 (2019).

The Court finds Petitioner prevails on the merits of his petition. Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. The government shall immediately release Petitioner under the previously determined conditions. The government is enjoined from re-detaining Petitioner without complying

///

///

///

///

///

26-cv-3720-BJC-VET

with 8 C.F.R. § 212.5 and due process. Petitioner's request for attorneys' fees is DENIED without prejudice to Petitioner filing an appropriate application for fees. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: July 8, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-3720-BJC-VET